IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY VAN DE GEJACHTE, | : | 1:12-cv-620 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| PAULA MCGOWAN and TARA HAMM, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

## **June 26, 2012**

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Martin C. Carlson (Doc. 14) filed on June 4, 2012 that recommends we grant the Defendants' Motion to Dismiss (Doc. 11) and Plaintiff's complaint be dismissed without further leave to amend. Objections to the R&R were due by June 21, 2012, and to date none have been filed. Accordingly, this matter is ripe for our review. For the reasons that follow, we shall adopt the R&R in its entirety, dismiss the complaint without further leave to amend and close the case.

1

I.  **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).  "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  The Court's examination of this case confirms the Magistrate Judge's determinations.

II.  **DISCUSSION**

On April 1, 2012, Plaintiff Jeffrey Van de Gejachte ("Plaintiff") commenced this action by filing a *pro se* complaint alleging that, while a prisoner at the Schuylkill County Prison, he was troubled by an ingrown and infected toenail.  Plaintiff alleged that Defendant Dr. Paula McGowan, "the provider in charge of

[his] well-being," had not followed up on his podiatric complaint. Plaintiff alleged that the failure to treat this ingrown toenail presented issues of a constitutional dimension warranting both compensatory and punitive damages. Plaintiff's complaint also names Defendant Tara Hamm, a prison nurse, however, aside from listing her in the caption, the pleading recites absolutely no factual averments related to her conduct.

As noted by the Magistrate Judge, following the filing of this case, Plaintiff has taken no steps whatsoever in furtherance of litigating the matter. He has failed to respond to the Defendants' Motion to Dismiss, even after being warned by the Magistrate Judge that failure to file a brief would result in the Motion being deemed unopposed. He has further failed to file objections to the R&R, which recommends dismissal of the action based on his failure to litigate pursuant to Fed. R. Civ. P. 41(b) as well as due to the complaint's failure to state a claim upon which relief may be granted. We agree entirely with the learned Magistrate Judge's analysis as to both grounds for dismissal.

As we have already mentioned, the Plaintiff has not filed objections to this R&R nor has he made any attempt to litigate this case, despite being given numerous opportunities to do so. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in

its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.